**THE LAW OFFICES OF JACOB ARONAUER**
Jacob Aronauer (JA 9184)
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
ALBERTO TAPIA,

                        Plaintiff,

   -against-

MOUNT KISCO BAGEL COMPANY
INC. d/b/a MOUNT KISCO BAGEL,
and JAMES FLEMING, individually,

                       Defendants.
-------------------------------------------------------------------------------X

COMPLAINT

FLSA COLLECTIVE ACTION

ECF CASE

Plaintiff Alberto Tapia ("Tapia" or "Plaintiff") on behalf of himself and others similarly situated, by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Mount Kisco Bagel Company Inc. d/b/a Mount Kisco Bagel ("Mount Kisco Bagel") and James Fleming, individually (collectively the "Defendants"), alleges the following:

## PRELIMINARY STATEMENT

1. This is a civil action brought by the Plaintiff and all similarly situated employees to recover unpaid overtime compensation and notice damages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff and the collective class worked at Mount Kisco Bagels located in Mount Kisco, New York that is owned by Defendant James Fleming ("Fleming").

2. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. §

216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at Mount Kisco Bagel.

3. Plaintiff and the FLSA collective also bring this action under the Wage Theft Protection Act for the Defendants' failure to provide written notice of wage rates in violation of said laws.

4. Plaintiff and the FLSA collective seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

5. Plaintiff also brings this action due to Defendants' failure to pay earned wages in violation of New York Labor Law § 663, *et seq.*

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

7. This Court has supplemental jurisdiction over the New York State law claims under the principles of pendent and ancillary jurisdiction.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff Alberto Tapia**

9. Plaintiff Alberto Tapia is and was at all times relevant hereto an individual residing in Westchester County, New York.

10. From approximately April 2004 through December 20, 2017, Plaintiff worked as a baker at Mount Kisco Bagel located at 480 Main Street, Mt. Kisco, NY 10549.

11. Tapia is a covered employee within the meaning of the FLSA and the NYLL.

12. Defendants failed to furnish Tapia with accurate statements of wages and deductions upon hiring.

13. In addition, Defendants failed to furnish Tapia with accurate statements of wages and deductions when Tapia received a change in salary.

**Defendant James Fleming**

14. On information and belief, Fleming owns, maintains control, oversight and the direction of Mount Kisco Bagel.

15. Defendant Fleming is a person engaged in business in Westchester County, who is sued individually in his capacity as an owner, officer and/or agent of Mount Kisco Bagel. Defendant Fleming exercises sufficient control over Mount Kisco Bagel to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Mount Kisco Bagel.

16. Defendant Fleming employed Plaintiff at all times relevant.

17. Defendant Fleming had substantial control over Plaintiff's working conditions and practices alleged herein.

**Mount Kisco Bagel Company Inc.**

18. Mount Kisco Bagel Company Inc. is a domestic business corporation having its principal place of business located at 480 Main Street, Mt. Kisco, NY 10549.

19. On information and belief, Defendant Fleming is the Chief Executive Officer of Mount Kisco Bagels.

20. At all times relevant to this action, Mount Kisco Bagels was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

21. On information and belief, Mount Kisco Bagels has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

## COLLECTIVE ACTION ALLEGATIONS

22. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated employees who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

23. The FLSA Collective consists of approximately fifteen (15) similarly situated current and former employees at Mount Kisco Bagel who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

24. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy and/or policy includes, *inter alia*, the following:

> i. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

4

      ii. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

25. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

26. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

27. The position of baker is not exempt and has never been exempt. Employees, though, are not paid overtime for all hours worked in excess of forty (40) hours per week.

28. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

29. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

30. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the

employer in accordance with NYLL § 195(1); and any anything otherwise required by law.

31. Defendants paid Plaintiff and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

## FACTS

**Plaintiff Tapia's Employment at Mount Kisco Bagel**

32. From approximately April 2004 through December 20, 2017, Defendants employed Plaintiff, without interruption, as a baker.

33. Throughout Plaintiff's employment with Defendants, Plaintiff worked at Mount Kisco Bagel located at 480 Main Street, Mt. Kisco, NY 10549.

**Plaintiff Tapia's Work Schedule at Mount Kisco Bagel**

34. From approximately April 2004 through December 2015, Plaintiff worked seven (7) days a week.

35. From Monday through Saturday Plaintiff worked from 3:00 a.m. until 3:00 p.m.

36. On Sundays Plaintiff worked from 3:00 a.m. until approximately 10:30 p.m.

37. From approximately January 2016 through December 20, 2017, Plaintiff worked seven (7) days a week.

38. On Mondays, Wednesdays, Thursdays, Fridays, and Saturdays, Plaintiff worked from 3:00 a.m. until between 8:30 a.m. and 9 a.m.

39. On Tuesdays and Sundays, Plaintiff worked for approximately two (2) hours each day.

6

**Plaintiff's Salary at Mount Kisco Bagel**

40. From approximately April 2004 through December 2015, Plaintiff was paid approximately $1,200 for each workweek.

41. From approximately January 2016 through December 20, 2017, Plaintiff was paid approximately $1,000 for each workweek.

42. Throughout Plaintiff's employment, Defendants paid Plaintiff each week for his prior week's work with a combination of cash and check provided to Plaintiff in an envelope.

43. On information and belief, Defendants paid Plaintiff by both check and cash in order to circumvent paying Plaintiff time and one half for all overtime worked after 40 hours.

44. The envelope that accompanied Plaintiff's salary noted the total amount enclosed in the envelope without a further breakdown or description.

**Defendants' Violations of the Wage Theft Protection Act**

45. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

46. Throughout the relevant time period, Defendants paid Plaintiff's wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

47. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**FIRST CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.***

48. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

49. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective Plaintiffs.

50. Plaintiff and the FLSA Collective Plaintiffs worked in excess of forty hours during some workweeks in the relevant period.

51. Defendants willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the appropriate overtime premiums for all hours worked in excess of forty (40) hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

52. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Plaintiffs.

53. Because Defendants' violations of the FLSA have been willful, a three year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

54. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## SECOND CAUSE OF ACTION
## Unpaid Overtime Wages Under New York Labor Law

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

56. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL § 652 and 12 NYCRR §142-2.2.

57. Defendants failed to pay Plaintiff the overtime premium of one and one-half (1.5) times the regular hourly rate of pay, in violation of the NYLL.

58. Defendants' failure to pay required overtime was willful.

59. As a result of Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NYLL.

## THIRD CAUSE OF ACTION
## Failure to Pay Earned Wages in Violation of New York Labor Law

60. Plaintiff re-alleges and corporates by reference all allegations in all preceding paragraphs.

61. At all relevant times, Plaintiff was an "employee" within the meaning of the NYLL. Similarly, at all relevant times, Defendants, including the individually named Defendants, were "employers" within the meaning of the NYLL.

62. Defendants failed to pay Plaintiff his earned wages for the periods of time and in the manner as set forth above.

63. Defendants' failure to pay Plaintiff his earned wages was willful and not based in any good faith belief of compliance with NYLL § 663, et. seq.

64. As a result of the foregoing, Plaintiff has been denied wages required under NYLL § 663 et seq., and is entitled to an award of unpaid wages in an amount to be determined at trial, plus liquidated damages, prejudgment interest and reasonable attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Annual Wage Notices**

65. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants willfully failed to supply Plaintiff and the FLSA Collective with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

67. Through their knowing or intentional failure to provide Plaintiff and the FLSA Collective with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

68. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the FLSA Collective are entitled to statutory penalties of fifty dollars per work day that Defendants failed to provide Plaintiff and the FLSA Collective with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, Mount Kisco Bagel Company Inc. d/b/a Mount Kisco Bagel and James Fleming, jointly and severally, as follows:

(a) Designation of the action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of the action, and permitting them to assert timely FLSA claims and state claims in the action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorney's fees, and the cost of the action;

(c) Damages for unpaid overtime due to Plaintiff in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorney's fees, and the cost of the action;

(d) Statutory penalties of fifty dollars for each work day that Defendants have failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(e) Statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand dollars, as provided by for by NYLL, Article 6 § 198;

(f) An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

(g) For prejudgment and post judgment interest on the foregoing amounts;

(h) For costs and disbursements of the action, including attorney's fees; and

(i) For such other further and different relief as the Court deems just and proper.

Dated: March 30, 2018
        New York, New York

        Respectfully submitted,

        /s *Jacob Aronauer*
        Jacob Aronauer
        *Attorney for Plaintiff*