UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALBERTO TAPIA,

                               Plaintiff,                  Case No. 18-CV-2864 (KMK)

    -v-                                                OPINION & ORDER

MOUNT KISCO BAGEL COMPANY INC., d/b/a
MOUNT KISCO BAGEL; and JAMES FLEMING,

                               Defendants.

Vincent Edward Bauer, Esq.
Law Offices of Vincent E. Bauer
New York, NY
*Counsel for Plaintiff*

Jacob Aronauer, Esq.
The Law Offices of Jacob Aronauer
New York, NY
*Counsel for Plaintiff*

Jessica Taub Rosenberg, Esq.
Jonathan Lucas Shapiro, Esq.
Kasowitz, Benson, Torres LLP
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

      On March 30, 2018, Plaintiff Alberto Tapia ("Plaintiff") brought a putative collective action against Mount Kisco Bagel Company Inc. ("Mount Kisco Bagel"), along with James Fleming individually, pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, New York Labor Law Article 19 § 663, the provisions of N.Y. Comp. Codes R. & Regs. tit. 12, part 142, and New York Labor Law Article 6 § 190, *et seq.* (*See* Compl. ¶ 1–5 (Dkt. No. 1).) The Plaintiff filed an Amended Complaint on May 21, 2018 asserting the same

claims but providing additional facts in support. (Am. Compl. (Dkt. No. 10).) The Parties jointly move for approval of their proposed settlement. For the reasons that follow, their Motion is denied without prejudice.

## I. Background

According to Plaintiff, Defendants, who employed Plaintiff as a baker from approximately April 2004 through December 2017, failed to provide legally mandated overtime compensation to employees who worked more than 40 hours per week, failed to pay earned wages, failed to keep accurate records of hours worked as required by FLSA and New York Labor Laws, and failed to give employees required pay notices and statements in accordance with NYLL § 195. (*See* Am. Compl. ¶¶ 23, 28–30, 43–44, 48, 54, 59, 63.)

On September 5, 2018, the Parties submitted to the Court a proposed settlement agreement, which they requested that the Court approve. (*See* Letter from Jacob Aronauer, Esq., to Court (Sept. 5, 2016) ("Sept. 5 Letter") (Dkt. No. 25).) For the reasons to follow, the Court hereby denies the Parties' Motion.

## II. Discussion

Under Fed. R. Civ. P. 41(a)(1)(A), a plaintiff's ability to dismiss an action without a court order is made "[s]ubject to . . . any applicable federal statute." "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *See* Fed. R. Civ. P. 41(a)(2). The Second Circuit has confirmed that the FLSA is an "applicable federal statute," such that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir.

2015) (internal quotation marks omitted), *cert. denied*, 136 S. Ct. 824 (2016).[1] Consequently, "the [P]arties must satisfy the Court that their agreement is 'fair and reasonable.'" *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15-CV-112, 2015 WL 7736551, at *1 (S.D.N.Y. Nov. 30, 2015); *see also Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015) (same).

When assessing a proposed settlement for fairness, there is generally "a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks omitted); *see also Matheis v. NYPS, LLC*, No. 13-CV-6682, 2016 WL 519089, at *1 (S.D.N.Y. Feb. 4, 2016) (same); *Souza v. 65 St. Marks Bistro*, No. 15-CV-327, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (same); *Martinez v. Hilton Hotels Corp.*, No. 10-CV-7688, 2013 WL 4427917, at *1 (S.D.N.Y. Aug. 20, 2013) (same).

As a number of courts have recognized, although a court should consider the totality of the circumstances, the most significant factors include:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

---

[1] Although not relevant here, the Second Circuit has explained the authority of the Department of Labor to approve settlements, noting "the Secretary of Labor has the authority to 'supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under'" certain portions of the FLSA, in which case "'[t]he agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have . . . to such . . . unpaid overtime compensation and' liquidated damages due under the FLSA." *Cheeks*, 796 F.3d at 201 n.1 (second alteration in original) (quoting 29 U.S.C. § 216(c)).

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted); *see also Zamora v. One Fifty Fifty Seven Corp.*, No. 14-CV-8043, 2016 WL 1366653, at *1 (S.D.N.Y. Apr. 1, 2016) (same); *Garcia v. Jambox, Inc.*, No. 14-CV-3504, 2015 WL 2359502, at *2 (S.D.N.Y. Apr. 27, 2015) (same). Conversely, factors which weigh against finding a settlement fair and reasonable include:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Wolinsky*, 900 F. Supp. 2d at 336 (internal quotation marks omitted); *see also Villalva-Estrada v. SXB Rest. Corp.*, No. 14-CV-10011, 2016 WL 1275663, at *2 (S.D.N.Y. Mar. 31, 2016) (same); *Garcia*, 2015 WL 2359502, at *2 (same); *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592, 2014 WL 6985633, at *2 (S.D.N.Y. Dec. 11, 2014) (same). Making this determination "is thus an information intensive undertaking," *Camacho*, 2014 WL 6985633, at *2, and "the [P]arties must provide the [C]ourt with enough information to evaluate the bona fides of the dispute," *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187, 2015 WL 7871036, at *1 (S.D.N.Y. Dec. 3, 2015) (internal quotation marks omitted).[2] To this end, courts require information surrounding "the nature of [the] plaintiffs' claims, . . . the litigation and negotiation process, the employers' potential exposure . . . to [the] plaintiffs . . . , the bases of estimates of [the] plaintiffs' maximum possible recovery, the probability of [the] plaintiffs' success on the merits, and evidence

---

[2] This approach is consistent with the requirement that "FLSA settlements . . . not be confidential," in part because "sealing FLSA settlements from public scrutiny could thwart the public's independent interest in assuring that employees' wages are fair." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177–78 (S.D.N.Y. 2015) (alterations and internal quotation marks omitted).

supporting any requested fee award." *Id.* (first alteration in original) (internal quotation marks omitted) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015)).

Having reviewed the Proposed Settlement, the Court is satisfied that it was negotiated in good faith at arms' length and that there was no fraud or collusion. The Court is also satisfied, based on the Parties' representation, that the settlement will allow the Parties to avoid the anticipated burdens of litigation and that each side faces substantial risks if the case is litigated to completion.

However, the Court does not have sufficient information to determine whether the settlement sum is fair and reasonable. The Parties state that Plaintiff will receive a total settlement sum of $65,000. Plaintiff himself will receive $45,333.33 of that sum, while Plaintiff's counsel will receive $19,666.67. According to the Parties' submission, Plaintiff's recovery of $45,333.33 will be approximately 50% of the maximum allowable damages on the claims asserted, which Plaintiff estimates to be $90,000, but no Party offers a clear explanation as to how the maximum allowable damages were calculated. Plaintiff states that he worked an average of 32 overtime hours per week from 2012 through 2015, (Sept. 5 Letter 1), and his Complaint states that he was paid $12.50 per hour for all hours worked throughout the relevant period, (Am. Compl. ¶ 37–38). However, Plaintiff has not made clear how he arrived at his possible recovery of $90,000, and the numbers provided, without more detail, do not support this total. Additionally, Defendants have stated only that they "argue that Plaintiff worked fewer overtime hours per week, and that he was paid correctly" for those hours, but do not clearly state their position as to how many hours Plaintiff worked or the applicable wage. (Sept. 5 Letter 1.) *See Nights of Cabiria, LLC*, 96 F. Supp. 3d at 176 ("The parties have not 'provided the [c]ourt with each party's estimate of the number of hours worked or the applicable wage.'" (alteration

5

omitted) (quoting *Mamani v. Licetti*, No. 13-CV-7002, 2014 WL 2971050, at *2 (S.D.N.Y. 2014)); *see also Gaspar*, 2015 WL 7871036, at *2 ("Although the [c]ourt is satisfied with the parties' explanation of the *methodology* used to generate the settlement amounts, however, the parties did not submit the *underlying data* to which the methodology was applied."). Fifty percent of the total amount recoverable may very well be an appropriate assessment of the respective probability of success for each side, but the Court has insufficient data upon which to conclude that the potential recovery was reasonably calculated. Accordingly, the Parties must submit to the Court a more detailed explanation of the potential recovery for Plaintiff.

Additionally, with respect to the attorneys' fees, the Parties have not submitted adequate information. Under the FLSA, a successful plaintiff, including one who settles, is entitled to attorneys' fees. *See Lizondro-Garcia v. Kefi LLC*, No. 12-CV-1906, 2015 WL 4006896, at *2 (S.D.N.Y. July 1, 2015). In the Second Circuit, courts generally draw on the following considerations—commonly known as the "*Goldberger* factors"—when assessing the reasonableness of attorneys' fees: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (alteration and internal quotation marks omitted).

When requesting attorneys' fees in an FLSA case, "counsel must submit evidence providing a factual basis for the award." *Wolinsky*, 900 F. Supp. 2d at 336. Although courts may elect to award fees by either considering the lodestar method—the reasonable hourly rate of the attorney multiplied by the number of hours reasonably expended—or the percentage method—a percentage of the total amount recovered by the plaintiffs—"[t]he trend in [the

6

Second] Circuit is toward the percentage method." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). Even where attorneys' fees are sought pursuant to the percentage of the fund method, "counsel must submit evidence providing a factual basis for the award." *Wolinsky*, 900 F. Supp. 2d at 336; *see also Guareno v. Vincent Perito, Inc.*, No. 14-CV-1635, 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 26, 2014) ("Counsel must provide a factual basis for a fee award, typically with contemporaneous time records."). A proper fee request thus includes "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Nights of Cabiria*, 96 F. Supp. 3d at 181. The Court must also determine the reasonable hourly rate by considering the "prevailing market rate for lawyers in the district in which the ruling court sits." *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012).

Plaintiff's counsel seeks a fee award of 30.26% of the total recovery, that is, $19,666.67 of the $65,000 settlement amount. (*See* Sept. 5 Letter 2.) Courts in the Second Circuit frequently award attorneys in FLSA settlements as much as 33% of the total recovery in fees. *See Garcia v. Atlantico Bakery Corp.*, No. 13-CV-1904, 2016 WL 3636659, at *1 (S.D.N.Y. June 29, 2016) ("[O]ne-third of the total award is the customary contingency percentage in FLSA cases."); *see also Ocasio v. Big Apple Sanitation, Inc.*, No. 13-CV-4758, 2016 WL 5376241, at *2 (E.D.N.Y. Mar. 16, 2016) (noting that the fee sought was "less than the typical contingency fee percentage of 33 1/3%"), *adopted by* 2016 WL 5390123 (E.D.N.Y. Sept. 26, 2016). The Court therefore agrees that the requested 30.26% of the total recovery is a generally appropriate contingency fee amount, provided that it does not disproportionately compensate Plaintiff's counsel for the time and effort expended in this litigation.

Based on the evidence before it, however, the Court is unable to say whether the requested 30.26% contingency fee is reasonable in this particular case because Plaintiff's counsel have not provided the Court with affidavits attesting to their hourly rate or contemporaneous time records indicating the actual amount of hours worked. The Court recognizes and appreciates that counsel explained generally the work performed on behalf of Plaintiff and outlined counsel's qualifications in the Parties' Letter, (*see* Sept. 5 Letter 4–5), but counsel must provide competent evidence establishing the number of hours expended so that the Court may assess for itself whether the hours expended were reasonable.

## III. Conclusion

For the foregoing reasons, the Parties' joint Motion is denied without prejudice. The Parties may reapply for approval of a settlement that (1) allows the Court to determine Defendants' maximum potential exposure at trial, and (2) details and evidences the hours expended by Plaintiff's counsel to enable the Court to determine whether a 30.26% contingency fee is reasonable in this case.

SO ORDERED.

Dated: White Plains, New York
October 5, 2018

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE