## JACOB ARONAUER, ESQ.
Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

October 29, 2018

**Via ECF**
Honorable Kenneth M. Karas
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

   Re: *Tapia v. Mount Kisco Bagel Company Inc. et al.*
      18-cv-02864-KMK

Dear Judge Karas:

  This office, along with the Law Offices of Vincent E. Bauer, represents Plaintiff Alberto Tapia ("Tapia" or "Plaintiff") in the above captioned matter. Plaintiff, together with Defendants Mount Kisco Bagel Company, Inc. ("Mount Kisco Bagel"), and James Fleming ("Fleming") (collectively "Defendants") provide further clarification to support the settlement presented to the Court. Consistent with the Court's October 10, 2018 Order (ECF. No. 26), the purpose of this letter is two-fold. First, the letter will provide further support for the fair and reasonable settlement sum of $65,000.00. Second, the letter will provide the Court with the requested information regarding the attorneys' fees so that the Court can determine whether the requested fee award of $19,666.67 is appropriate. Accordingly, the parties respectfully request that the Court approve the proposed settlement.

**I. The Settlement Sum of $65,000 is Fair and Reasonable.**

  As the Court noted in its Order, the Parties' September 5, 2018 letter requesting approval of the settlement (ECF. No. 25) estimated that the *maximum* allowable recovery available to Plaintiff in this case would be approximately $90,000.00. Notably, this amount is only reached when every factual and legal inference is resolved in Plaintiff's favor.

  The estimated $90,000 amount was determined as follows: First, relying on his own memory and without reference to any time records, Plaintiff alleges that he worked 72 hours per week every week for 196 weeks from 2012 - 2015.[1] During this time

---

[1] The relevant period includes 196 weeks, and commences with the week ending on April 1, 2012 and continues through the week ending on December 27, 2015. The applicable period commences on April 1,

period, Plaintiff claims that he was paid $12.50 per hour, and would have been paid at an overtime rate of $18.75 per hour if he had been paid overtime for each of the 32 hours that he worked over 40 hours.[2] Based on these assumptions, Plaintiff calculated his amount of unpaid overtime to be $39,200.00.[3] Further, Plaintiff believes that, because courts usually award plaintiff liquidated damages, he will be awarded an additional $39,200.00 in liquidated damages.

Finally, Plaintiff believes that he is entitled to $10,000.00 for Defendants' purported violation of New York's Wage Theft Prevention Act ("WTPA"), or $5,000.00 per each violation of NYLL § 195(1) and NYLL § 195(3) – which brings the total amount to which Plaintiff would be entitled to $88,400.00 (or $39,200.00 + $39,200.00 + $10,000.00). Thus, Plaintiff has determined that the maximum amount of Plaintiff's recovery is $88,400.00 (*i.e.*, approximately $90,000).[4] This yields a recovery percentage of *73.53%* (or $65,000.00 of $88,400.00) – which is *40% higher* than percentages approved by courts as fair and reasonable. *See, e.g.*, *Gonzales*, 2018 WL 1918623, at *2 (approving settlement amount where it "represents approximately 32.8% of plaintiffs' total alleged damages, exclusive of prejudgment interest"); *Coleman*, 2018 WL 3650017, at *2 (approving settlement amount where it "represents approximately one-third of plaintiff's total alleged damages, exclusive of prejudgment interest").

To be clear, $88,400.00 is the *maximum* recovery potentially available to Plaintiff because, as noted, it is based on a calculation that resolves every factual and legal inference in Plaintiff's favor. Defendants believe that Plaintiff's maximum recovery is only $59,300.00. Defendants do not dispute that Plaintiff earned $12.50 per hour during the time period from 2012-2015. While Defendants acknowledge that Plaintiff is owed some lost overtime wages during that time period (at a rate of $18.75 per hour), Defendants assert that the hours worked by Plaintiff were grossly inflated in the Amended Complaint; specifically, Defendants dispute that the Amended Complaint accurately reflects Plaintiff's weekly working schedule and contend that it ignores certain

---

2012 because Plaintiff filed the Complaint in this action on March 30, 2018, and the New York Labor Law ("NYLL") has a six-year statute of limitations period. NYLL § 663(3).

[2] Plaintiff basis his contention that he worked 72 hours per week during this time period on the following alleged working schedule: Monday-Saturday, 3 a.m. – 3 p.m, with one meal break (11 hours per day for 6 days, or 66 hours) and Sunday 3 a.m. – 10 a.m., with one meal break (6 hours for 1 day).   66 + 6 = 72 hours.

[3] This was calculated as follows:  (($18.75-$12.50)*32 hours)*196 weeks = $39,200.00.

[4] The Parties do not believe that the Court should include pre-judgment interest when assessing the fairness of this settlement. *See, e.g.*, *Ortiz v. My Belly's Playlist LLC*, No. 16 Civ. 2924, 2018 WL 1918611, at *3 (S.D.N.Y. Apr. 19, 2018) (assessing settlement exclusive of pre-judgment interest); *Romero v. Fluff N Fold Laundry Servs. LLC*, No. 15 Civ. 9535, 2018 WL 2768642, at *2 (S.D.N.Y. June 8, 2018) (same); *Gamero v. Koodo Sushi Corp.*, No. 15 Civ. 2697, 2018 WL 4299988, at *2, *7 (S.D.N.Y. Sept. 7, 2018) (same); *Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *2 (S.D.N.Y. Apr. 20, 2018) (same); *Coleman v. DeFranco Pharm., Inc.*, No. 17 Civ. 8340, 2018 WL 3650017, at *2 (S.D.N.Y. Aug. 1, 2018) (same). Nevertheless, in retrospect, the Parties' September 5 letter should have mentioned the possibility of recovery of pre-judgment interest to Plaintiff, which Plaintiff has calculated to be $16,550.00 through today. If pre-judgment interest of $16,550.00 is included, the maximum amount Plaintiff would be able to recover is $104,950.00 (or $88,400.00 + $16,550.00). Even with pre-judgment interest included, a settlement of $65,000.00 represents approximately 62% of Plaintiff's maximum recovery.

regularly-scheduled breaks that Plaintiff took during the workday, including an hour-long break every morning to go to his nearby home to see his child. Defendants assert that they will prove that Plaintiff worked, on average, 15 hours of overtime per week in 2012 (for a period of 40 weeks, beginning with the week ending on April 1, 2012) and, on average, 24 hours of overtime per week from 2014-2016 (for a period of 156 weeks). Thus, Defendants believe that Plaintiff is owed, at most, approximately $27,150.00 in unpaid overtime for the applicable time period from 2012-2015.[5]

Defendants further believe that liquidated damages would not apply because Fleming is not a sophisticated business owner and engaged in multiple benevolent acts toward Plaintiff. If liquidated damages were to apply, however, then Plaintiff would be owed an additional $27,150.00. Finally, Defendants deny that they did not comply with the provisions of the WTPA. However, if the Court were to find that they violated the WTPA, then Defendants believe that Plaintiff would be entitled to only $5,000.00 for a violation of NYLL § 195(3), and Plaintiff would be entitled to nothing, or $0.00, for a violation of NYLL § 195(1). This is because Plaintiff began working at Mt. Kisco Bagel in 2004 (Amended Complaint (ECF No. 10) ¶ 10), and the law is clear that an employee who began working before the Act took effect on April 9, 2011 may not bring a claim pursuant to NYLL § 195(1). *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 509-10 (S.D.N.Y. 2017); *Kone v. Joy Const. Corp.*, No. 15 Civ. 1328, 2016 WL 866349, at *5 (S.D.N.Y. Mar. 3, 2016) (dismissing NYLL 195(1) claim where plaintiffs alleged commencement of employment prior to April 9, 2011); *Canelas v. A'Mangiare Inc.*, No. 13 Civ. 3630, 2015 WL 2330476, at *5 (S.D.N.Y. May 14, 2015) ("[A]n employee who began working before the WTPA took effect on April 9, 2011, may not bring a claim for an employer's failure to provide wage notices."). For these reasons, Defendants believe that the maximum amount of Plaintiff's recovery is more accurately stated to be $59,300.00 (or $27,150.00 + $27,150.00 + $5,000.00), such that a $65,000 settlement represents ***109.61%*** of Plaintiff's potential recovery, exclusive of pre-judgment interest.[6]

Accordingly, in light of the Parties' factual disputes, and the additional reasons set forth in the Parties' September 5, 2018 letter, the Parties believe that a settlement of $65,000.00 is fair and reasonable.

## II. Plaintiff's Counsel's Attorneys' Fees Are Reasonable.

The Order also requests information about Plaintiff's counsel's fees to determine whether the requested fee award of $19,666.67 (or 30.26% of the $65,000.00 settlement amount) is appropriate. Plaintiff's counsel's time records in this case are annexed herein as Exhibit A, which demonstrate that the total amount of attorneys' fees is $10,170.5. I

---

[5] This was calculated as follows: For 2012, (($18.75-$12.50)*15 hours)*40 weeks = $3,750.00; For 2013-2015: (($18.75-$12.50)*24 hours)*156 weeks = $23,400.00. $3,750 + $23,400 = $27,150.00.

[6] As noted, the Parties do not believe that the court should consider pre-judgment interest. In any event, based on Defendants' calculation of $27,150.00 owed to Plaintiff in unpaid overtime, Plaintiff would be entitled to approximately $11,160.00 in pre-judgment interest; under Defendants' assumptions, Plaintiff would then be able to recover $70,460.00 (or $59,300.00 + $11,160.00) in damages – which means that a $65,000 settlement represents approximately 92.25% of Plaintiff's potential recovery, with pre-judgment interest included.

3

ask that the Court recognize that Plaintiff's counsel has not listed the additional time by counsel necessitated in response to the Court's order to complete the settlement. The only time that Mr. Bauer and I billed for the same work was in discussing the case and a settlement meeting with Defendants' counsel. Upon learning that the law firm Kasowitz Benson Torres LLP would be representing Defendants, I asked Mr. Bauer if he would assist me in this case. Mr. Bauer graciously agreed.

Admittedly, the total amount of attorneys' fees expended is less than 1/3 of the total settlement amount. As noted by the Court in its order, Courts in the Second Circuit frequently award attorneys in FLSA settlements for as much as 33% of the total recovery in fees. *See Garcia v. Atlantico Bakery Corp.*, 2016 WL 3636659, at * 1 (S.D.N.Y. June 29, 2016) ("'O[]ne-third of the total award is the customary contingency percentage in FLSA cases."); *see also Osasio v. Big Apple Sanitation, Inc.*, No. 13-cv-4758, 2016 WL 5376241, at * 2 (E.D.N.Y. Mar. 16, 2016) (noting that the fee sought was "less than the typical contingency fee percentage of 33 1/3"), adopted by 2016 WL 5390123 (E.D.N.Y. Sept. 26, 2016).

Considering that we were able to obtain Plaintiff a settlement prior to the initial case conference, Mr. Bauer and I thought it was appropriate to take slightly less than 33% of the total recovery in fees. This enabled Plaintiff to receive an additional $2,000. A breakdown of the hours worked by Plaintiff's counsel is below:[7]

| Name | Hours | Requested Rate per Hour | Total Fees |
|---|---|---|---|
| Jacob Aronauer | 17.50 | $350.00 | $6,125.00 |
| Vincent Bauer | 5.5 | $450.00 | $2,475.00 |
| Paralegals | 9.57 | $150.00 | $1,435.50 |
| Service on Defendants | | | $135.00 |
| Total | | | $10,170.50 |

---

[7] Please note that the attorney fees listed here does not include time spent on the parties' subsequent letter seeking Court approval of the settlement agreement. I spent approximately one and half hours with respect to this letter while Mr. Bauer spent approximately another hour.

      Courts in this Circuit acknowledge the role wage and hour attorneys serve in protecting the public interest in the "private attorney general role" and have affirmed the importance of adequate compensation to incentivize wage and hour litigation. *Prasker v. Asia Five Eight LLC*, No. 08 Civ. 5811, 2010 WL 476009, at *6 (S.D.N.Y. Jan 6, 2010). The percentage method "provides a powerful incentive for the efficient prosecution and early resolution of litigation, which clearly benefits both litigants and the judicial system." *In re Lloyd's Am. Tr. Fund Litig.*, No. 96 Civ. 1262, 2002 WL 31663577, at *25 (S.D.N.Y. Nov. 26, 2002).

      Respectfully submitted,

Jacob Aronauer
*Attorney for Plaintiff*

cc: **Via ECF**
    *All attorneys on record*

# EXHIBIT A

**Vincent Bauer - Attorney's Fees and Hours Worked on Tapia v. Mount Kisco et**

| Date | Time | Description |
|---|---|---|
| 4/24/18 | 0.9 | Review spreadsheets |
| 4/30/18 | 0.5 | Attention to settlement |
| 5/16/18 | 0.4 | Attention to amended complaint |
| 5/24/18 | 0.7 | Prepare for settlement conference |
| 5/25/18 | 1.2 | Cl w/ M. Kasowitz etc., offers |
| 5/29/18 | 0.6 | Attention to settlement |
| 5/30/18 | 0.6 | TC re settlement - prepare for same |
| 6/8/18 | 0.2 | TC re settlement |
| 7/24/18 | 0.4 | Revise letter to court |
| Total hours worked | 5.5 | |
| Hourly rate | $ 450.00 | |
| Total Fee | $ 2,475.00 | |

# Law Offices of Jacob Aronauer

**INVOICE**

225 Broadway, 3rd Floor
New York, New York 10007
Phone: (212) 323-6980

Invoice # 92
Date: 10/22/2018
Due On: 11/21/2018

Alberto Tapia
203 Lexington Avenue, 2nd Floor
Mt Kisco, NY 10549

### 00190-Tapia

## Tapia v. Mount Kisco Bagel

| Type | Date | Notes | Quantity | Rate | Total |
|---|---|---|---|---|---|
| Service | 03/23/2018 | Paralegal Fees - John: Met with potential client, made physical and H drive folders, opened matter, started to compile payment information written on envelopes into spreadsheet | 2.00 | $150.00 | $300.00 |
| Service | 03/23/2018 | Attorney Fees: Initial consult with client. | 1.00 | $350.00 | $350.00 |
| Service | 03/30/2018 | Attorney Fees: Review and finalize the complaint. Look into potential conditional certification and further research on company. | 3.50 | $350.00 | $1,225.00 |
| Service | 04/17/2018 | Paralegal Fees - Carolina: Document reconciliation. | 0.25 | $150.00 | $37.50 |
| Service | 04/18/2018 | Paralegal Fees - Carolina: Damage spreadsheet. | 1.50 | $150.00 | $225.00 |
| Service | 04/18/2018 | Paralegal Fees - Carolina: Phone call with the client to discuss information. | 0.25 | $150.00 | $37.50 |
| Service | 04/18/2018 | Attorney Fees: Phone call with opposing counsel and research on the firm. | 1.10 | $350.00 | $385.00 |
| Service | 04/23/2018 | Paralegal Fees - Carolina: Damage calculation. | 0.34 | $150.00 | $51.00 |
| Service | 04/23/2018 | Paralegal Fees - Carolina: Damages calculations. | 0.34 | $150.00 | $51.00 |
| Service | 04/24/2018 | Attorney Fees: Issues relating to employee's work schedule. | 0.30 | $350.00 | $105.00 |
| Service | 04/26/2018 | Paralegal Fees - Carolina: FOIL request | 0.25 | $150.00 | $37.50 |
| Service | 05/20/2018 | Attorney Fees: Draft amended complaint and file. | 1.90 | $350.00 | $665.00 |
| Service | 05/24/2018 | Paralegal Fees - John: Edited Tapia Damages Spreadsheets | 0.20 | $150.00 | $30.00 |
| Service | 05/25/2018 | Attorney Fees: Prepare for settlement meeting; travel to and from defendants' attorney's office; phone call with client and then e-mail correspondence with Bauer. | 3.40 | $350.00 | $1,190.00 |

| | | | | | |
|---|---|---|---|---|---|
| Service | 05/29/2018 | Paralegal Fees - Carolina: Amended damages spreadsheet based on Defendants allegations. | 0.67 | $150.00 | $100.50 |
| Service | 05/30/2018 | Attorney Fees: Prepare for settlement call and a settlement call. | 0.80 | $350.00 | $280.00 |
| Service | 05/30/2018 | Paralegal Fees - Sian: reviewed and edited damages spreadsheet | 0.17 | $150.00 | $25.50 |
| Service | 06/01/2018 | Attorney Fees: Work on declaration in support of conditional certification. | 0.90 | $350.00 | $315.00 |
| Service | 07/24/2018 | Attorney Fees: Draft pre-motion conditional certification letter. | 1.90 | $350.00 | $665.00 |
| Service | 08/16/2018 | Attorney Fees: Draft settlement agreement. | 1.40 | $350.00 | $490.00 |
| Service | 08/24/2018 | Attorney Fees: Draft settlement approval letter. | 1.30 | $350.00 | $455.00 |
| Service | 10/10/2018 | Paralegal Fees - John: Called Tapia about the judge rejecting the proposed settlement. Researched attorney's fees in 2nd Circuit. | 1.00 | $150.00 | $150.00 |

Total $7,170.50

## Detailed Statement of Account

**Current Invoice**

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 92 | 11/21/2018 | $7,170.50 | $0.00 | $7,170.50 |
| | | | Outstanding Balance | $7,170.50 |
| | | | Total Amount Outstanding | $7,170.50 |

Please make all amounts payable to: Law Offices of Jacob Aronauer

Please pay within 30 days.